# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORA CHAIB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-00318-TWP-MJD |
| | ) | |
| THE GEO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PLAINTIFF'S MOTION TO FILE ENLARGED RESPONSE

This matter is before the Court on Plaintiff Nora Chaib's ("Ms. Chaib") motion to file an enlarged response to Defendants The GEO Group, Inc.'s ("GEO") Motion for Summary Judgment. (Filing No. 95). Ms. Chaib seeks to file a 52-page response, alleging that it is necessary because GEO did not state its facts in a manner favorable to Ms. Chaib, and stated the facts out of order.

The Court finds no justifiable reason to permit Ms. Chaib to file an oversized response to GEO's motion for summary judgment. The argument that GEO applied the incorrect summary judgment standard and presented the facts out of order in an attempt to confuse the Court is baseless. As this Court has previously stated, "the Court is required to view evidence in the light most favorable to the non-movant . . . and that is the standard applied by the Court. However, the [moving party] is not required to argue its own case in the light most favorable to [the non-moving party]." *Ditty v. Ind.*, No. 1:11-CV-01348-TWP, 2013 WL 1688883, *3 (S.D. Ind. Apr. 17, 2013). In addition, the Court is perfectly capable of reading the facts as presented by both parties and discerning their chronological order, if necessary. An accurate understanding of the proper summary judgment standard, and an acknowledgement that the Court is not easily fooled or distracted by a party's factual narrative, would help with substantially reducing the size of the

response brief so that it addresses only those facts and factual disputes which are material to Ms. Chaib's claim and the motion before the Court. *See Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) ("A 'material fact' is one identified by the substantive law as affecting the outcome of the suit."); *Kiess v. Eason*, 442 F.2d 712, 713 (7th Cir. 1971) (Differences in parties' versions of the facts do not preclude summary judgment unless such differences are material to the outcome). Counsel does not need to point out any discrepancies of fact that are not material to the outcome of Ms. Chaib's claim; immaterial factual disputes will not preclude summary judgment.

In addition, Counsel makes several lengthy objections to evidence presented by GEO under Federal Rule of Evidence 403. "[W]hile it is not unheard of to exclude evidence under Rule 403 at the summary judgment stage, see, *e.g., Weit v. Cont'l Ill. Bank & Trust Co.*, 641 F.2d 457, 467 (7th Cir. 1981), normally the balancing process contemplated by that rule is best undertaken at the trial itself." *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000). Exclusion of evidence under Rule 403 is ordinarily to avoid "misleading the jury" and to prevent the finder of fact from considering non-rational factors at trial. Fed. R. Evid. 403; *Smith v. Warren R. Gregory & Sons, Inc.*, No. IP99-1490-C-B/S, 2001 WL 1691640, *10 (S.D. Ind. Nov. 21, 2001). That risk is not present where, as here, the Court is determining whether factual disputes exist precluding summary judgment. Counsel should be mindful as to whether lengthy objections to GEO's evidence are truly warranted and re-draft his response accordingly.

For these reasons, Ms. Chaib's motion for leave to file an enlarged response to GEO's motion for summary judgment (Filing No. 95) is **DENIED**. Ms. Chaib's proposed response (Filing No. 95-1) is hereby **STRICKEN**, and she is granted leave to file a revised response that adheres

to the page limits set forth in Local Rule 7-1(e)(1). The revised response is due within seven days of the date of this Entry.

SO ORDERED.

Date: 10/3/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Emily L. Connor
LITTLER MENDELSON
econnor@littler.com

Alan L. McLaughlin
LITTLER MENDELSON PC
amclaughlin@littler.com